```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Clara Mae Bishop, | ) C/A: 2:11-cv-3535-SB-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Behr Heat Transfer Systems, | ) |
| Defendant. | ) |

Plaintiff, Clara Mae Bishop ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action against Defendant, alleging employment discrimination. Liberally construed, Plaintiff's Complaint attempts to assert a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA") and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process, based on this Court's lack of subject matter jurisdiction. Plaintiff failed to exhaust her available administrative remedies by bringing a timely charge of discrimination with the South Carolina Human Affairs Commission ("SCHAC") or the Equal Employment Opportunity Commission ("EEOC"), prior to filing this action.

### ***PRO SE* AND *IN FORMA PAUPERIS* REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.

The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff's Complaint alleges:

> I worked for Behr Heat Transfer Systems from 1990-2010 [w]hen I was fired for not making my production goal[.] The reason production goal was not met is because the goal was raised to an impossible rate. . . . I have been working for Behr for 20 yrs. and I believe I was discriminated against because of my age. [O]thers also worked against me because they knew Behr was going to lay some employees off and they did this to keep their jobs[.] I was fired 5 days before I could receive my 100hrs vacation pay[.] . . . I believe I deserve to be compensated for wrongful termination, harassment, and discrimination[.] I am asking to be compensated for all I had to endure at Behr Heat Transfer Systems while working there[.] I am asking for at least $970,000.00 for all my pain and suffering and what ever [is] deem[ed] proper and just.

ECF No. 1, p. 3-4. Plaintiff alleges "I believe I was use[d] as a scapegoat due to management negligence[.]" ECF No. 1, p. 3. Plaintiff alleges that she performed the duties of a team leader, but when the position became a paid position another employee was made the team leader in her place. Plaintiff also alleges that she filed a complaint with human resources because a male employee was "harassing [her] about personal issues and speaking to other workers concerning it, but nothing was ever done about it." *Id.* Although Plaintiff fails to allege her age, the undersigned liberally construes these allegations as an attempt by Plaintiff to state a claim that Defendant discriminated against Plaintiff based on her age and/or her sex.

Plaintiff's Complaint does not allege that Plaintiff pursued and exhausted her administrative remedies, under the ADEA and/or Title VII, by bringing a timely administrative charge of discrimination with the SCHAC or the EEOC, prior to filing suit in

3

this Court. Therefore, Plaintiff was ordered to submit Answers to the Court's Special Interrogatories to show that she filed an administrative charge with the SCHAC and/or EEOC asserting age and/or sex discrimination, or some other related claim of discrimination, and to provide the Court with a copy of her administrative charge and her "right to sue" letter. ECF No. 8. Plaintiff's Answers to the Court's Special Interrogatories state that she did not file a SCHAC or EEOC administrative charge and she did not receive a "right to sue" letter. ECF No. 12.

## DISCUSSION

The ADEA is a remedial statute that grants employees whose rights were violated by their employers a federal cause of action. *See Zombro v. Baltimore City Police Department*, 868 F.2d 1364, 1368 (4th Cir. 1989) (ADEA is exclusive remedy for age discrimination claims); *Serendinski v. Clifton Precision Prods. Co.*, 776 F.2d 56 (3d Cir. 1985). Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Section 626(d) of the ADEA details what is required of a plaintiff in order to file a civil action, and § 626(e) discusses the receipt and implications of a right to sue notice. *See* 29 U.S.C. § 626(d), (e).

Title VII creates a federal cause of action for employment discrimination based on race, color, religion, sex, or national origin. Under Title VII it is an unlawful employment practice for an employer -

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms,

> conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. 2000e-2(a). Title VII provides that "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." 42 U.S.C. § 2000e-5(b); *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 138 (4th Cir. 1995). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is essential to initiation of a private Title VII suit in federal court." *Id.*

Before filing suit in federal district court under the ADEA or Title VII, a plaintiff must first exhaust his or her administrative remedies by bringing a timely charge of discrimination with SCHAC or EEOC. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005); *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304 (10th Cir. 2005) (private sector employee required to cooperate with EEOC to exhaust administrative remedies); *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999); *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 136-37 (4th Cir. 1995).

When an individual asserts an age discrimination claim, the ADEA provides that:

> no civil action may be commenced by an individual under [the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed -

> (A) within 180 days after the alleged unlawful practice occurred; or
>
> (B) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 626(d)(1).  After allowing the EEOC sixty (60) days to notify the defendant of the charge and to attempt to conciliate the alleged unlawful practice, the individual may file suit, provided the EEOC has not brought suit on his or her behalf.  If a charge of violation of the ADEA filed with the EEOC is dismissed, or administrative proceedings are otherwise terminated by the EEOC,  29 U.S.C. § 626(e) provides that an allegedly injured employee must file any civil action against the employer within ninety (90) days after the date he or she receives notice of the EEOC's dismissal of his or her administrative charge.  The ADEA does not require that a right to sue letter be obtained before filing suit.  *See  e.g., Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 403-04 (2008);  *Serendinski v. Clifton Precision Prods. Co.*, 776 F.2d 56 (3d Cir. 1985) (distinguishing the ADEA from Title VII).

A plaintiff who has filed a charge with the SCHAC or the EEOC, and has waited sixty (60) days prior to filing an ADEA claim in federal court, has exhausted her administrative remedies.

In the instant case, Plaintiff did not file a timely administrative charge of discrimination based on age,  race, color, religion, sex, or national origin.  The ADEA and Title VII establish two possible limitation periods for filing a timely discrimination charge with the EEOC.  *See* 29 U.S.C. § 626(d)(1) (ADEA); 42 U.S.C. § 2000e-5(e)(1) (Title VII). The standard limitations period for filing a charge is 180 days after the alleged unlawful employment practice.  *Id.*  The limitations period for a discrimination charge is extended to

300 days, however, when state law proscribes the alleged employment practice and the charge has initially been filed with a state or local deferral agency. *See* 29 U.S.C. § 626(d)(1)(B); 42 U.S.C. §2000e-5(e)(1).[1] Thus, when a plaintiff chooses to file her charge only with the EEOC and not with a state or local deferral agency, the charge must be filed within 180 days of the alleged unlawful employment practice. *See, e.g., Middleton v. Motley Rice, LLC*, 2010 U.S. Dist. LEXIS 81217, 2010 WL 3167375, at *11, n.7 (D.S.C. May 4, 2010) (180-day filing period applied because plaintiff filed her charge only with the EEOC and not with the South Carolina Human Affairs Commission); *Keeshan v. Eau Claire Co-op. Health Ctrs., Inc.*, 2007 U.S. Dist. LEXIS 74139, 2007 WL 2903962, at *4, n.2 (D.S.C. Oct. 2, 2007) (noting that plaintiff who chooses to file a charge only with the EEOC must do so within 180 days of the alleged discriminatory act). When a plaintiff chooses to file her charge with the SCHAC, the charge must be filed within 300 days of the alleged unlawful employment practice. A plaintiff's failure to file a charge within the applicable limitations period bars a later lawsuit in federal court. *See McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.")

---

[1] For an age discrimination claim, the 180-day filing deadline is only extended to 300 days if there is a state law prohibiting age discrimination in employment and a state agency or authority enforcing that law. The deadline is not extended if only a local law prohibits age discrimination. For a sex discrimination claim, the 180-day filing deadline is extended to 300 days if a state or local agency enforces a state or local law that prohibits employment discrimination on the same basis. Many states and localities have agencies that enforce laws prohibiting employment discrimination. EEOC refers to these agencies as Fair Employment Practices Agencies ("FEPAs"). In South Carolina, the state law is the South Carolina Human Affairs Law, S.C. Code § 1-13-10 *et seq.* ("SCHAL"), and the state agency is the SCHAC.

A 300-day limitation period applies in South Carolina, because it appears that this District has traditionally assumed, without requiring proof, that the EEOC and SHAC have a worksharing agreement, permitting the EEOC to investigate the charge first. *See Brown v. Berkeley County School Dist.*, 339 F.Supp.2d 715, 721 n.3 (D.S.C. 2004); *Grooms v. Mobay Chem. Corp.*, 861 F. Supp. 497, 503 & n. 7 (D.S.C. 1991). Accordingly, the 300-day limitations period is implicated by virtue of any SHAC or EEOC filing, pursuant to the operative worksharing agreement. Specifically, the 300-day period begins to run from the date of the alleged unlawful employment practice. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred.").

In the instant case, Plaintiff alleges that she was unlawfully fired in 2010, although she does not specify the exact date. Liberally construing Plaintiff's Complaint, if the last day of 2010, *i.e.* December 31, 2010, is assumed to be the date on which Plaintiff's employment was terminated, then the 180-day deadline of the limitation period for filing an administrative charge with the EEOC was June 27, 2011, and the 300-day deadline for filing an administrative charge with SCHAC was October 27, 2011. It is obvious, from the face of Plaintiff's Complaint and her Answers to the Court's Special Interrogatories, that Plaintiff did not file an administrative charge of discrimination with either SCHAC or the EEOC, prior to filing the instant action in this Court, on December 29, 2011. More than 300 days elapsed between the latest possible date of Plaintiff's alleged discriminatory termination and the date Plaintiff filed this action in this Court. In fact, 363 days elapsed between the last possible date that a discriminatory act could have occurred to Plaintiff and

8

the date that Plaintiff filed this action, without first exhausting her administrative remedies. Because Plaintiff's employment was terminated not later than December 31, 2010, Plaintiff cannot assert a timely claim of discrimination now, because the deadline for filing the required administrative charge expired, at the latest, on October 27, 2011.  Thus, it appears that, in addition to being barred because of Plaintiff's failure to exhaust her administrative remedies, Plaintiff's claims of discrimination are also time-barred.

Moreover, to the extent that Plaintiff's Complaint attempts to allege a claim of sex discrimination under Title VII, as noted above, Plaintiff is first required to exhaust her administrative remedies by filing a timely administrative charge of discrimination *and obtaining a right to sue letter.  Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999); 42 U.S.C.S. § 2000e-5.  A plaintiff's claim with the EEOC "defines the scope of her subsequent right to institute a civil suit."  *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).  Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit.  *Id.  See also EEOC v. Commercial Office Products Co.*, 486 U.S. 107 (1988); *Oscar Mayer & Co. v. Evans*, 441 U.S. 750 (1979).  *But see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), in which the United States Supreme Court held, in the context of a Title VII claim, that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  Plaintiff's Answers to the Court's Special Interrogatories establish that Plaintiff did not obtain a right to sue letter pursuant to Title VII.  Furthermore, Plaintiff could not have been entitled to a right to sue letter because she never filed an administrative charge alleging a Title VII violation.  In the context of a Title VII claim, the Fourth Circuit

Court of Appeals has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis*, 48 F.3d. at 140. *See also Puryear v. County of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) ("After a charge is properly filed with the EEOC, the aggrieved person may initiate a civil action based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter."). Where the complaint does not allege that the plaintiff has complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Davis*, 48 F.3d. at 140 (quoting *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). The Fourth Circuit recently reaffirmed that "failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing *Davis*, 48 F.3d. at 138-40, and noting that, in *Zipes*, the Supreme Court held only that the *untimeliness* of an administrative charge does not affect federal jurisdiction over a Title VII and that *Davis* had noted that the holding in *Zipes* was so limited).

In the instant case, it is clear from Plaintiff's Complaint and Answers to the Court's Special Interrogatories that Plaintiff has failed to exhaust her administrative remedies by filing a charge of discrimination with the EEOC or the SCHAC. There may be some question, under Fourth Circuit precedent, whether Plaintiff's failure to exhaust administrative remedies deprives this Court of subject matter jurisdiction, or simply constitutes a failure to comply with a jurisdictional prerequisite. *Compare Jones*, 551 F.3d at 300 with *Davis*, 48 F.3d at 140. Nonetheless, all of the precedential authority in the Fourth Circuit makes clear that a plaintiff who files an ADEA or Title VII claim in federal

10

court, without first exhausting administrative remedies, fails to properly invoke the jurisdiction of the district court.  See *Jones*, 551 F.3d at 300; *Davis*, 48 F.3d at 140; *Sloop*, 198 F.3d qt 148.  This Court cannot exercise jurisdiction to hear this case, therefore Plaintiff's Complaint should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case, without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

                s/Bruce Howe Hendricks
                United States Magistrate Judge

February 15, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).