UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Clara Mae Bishop,

    Plaintiff,

v.

Behr Heat Transfer Systems,

    Defendant.

Civil Action No. 2:11-3535-SB

**ORDER**

This matter is before the Court on the Plaintiff's pro se complaint, wherein she alleges a claim against the Defendant under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA"), and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 ("Title VII"). In her complaint, the Plaintiff seeks damages of "at least $970,000.00 for all [her] pain and suffering and what ever [is] deem[ed] proper and just." (Entry 1 at 4.)



On February 16, 2012, United States Magistrate Judge Bruce Howe Hendricks issued a report and recommendation ("R&R") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), recommending that the Court summarily dismiss the Plaintiff's complaint without prejudice and without issuance and service of process for lack of subject matter jurisdiction. Specifically, the Magistrate Judge determined that the Plaintiff failed to exhaust her available administrative remedies by bringing a timely charge of discrimination with the South Carolina Human Affairs Commission ("SCHAC") or the Equal Employment Opportunity Commission ("EEOC") prior to filing this action.

**BACKGROUND**

In her complaint, the Plaintiff states, in pertinent part:

I have been working for Behr for 20 yrs. and I believe I was discriminated

against because of my age. [O]thers also worked against me because they knew Behr was going to lay some employees off and they did this to keep their jobs[.] I was fired 5 days before I could receive my 100 hrs vacation pay.

(Entry 1 at 3.)

In the R&R, the Magistrate Judge liberally construed the Plaintiff's allegations as a claim that the Defendant discriminated against her based on her age and/or her sex. Because the Plaintiff failed to allege that she pursued and/or exhausted her administrative remedies, the Magistrate Judge ordered the Plaintiff to submit answers to the Court's special interrogatories to show that she filed an administrative charge with the SCHAC and/or the EEOC asserting age and/or sex discrimination, or some other related claim of discrimination. The Court also ordered the Plaintiff to provide the Court with a copy of her administrative charge and her "right to sue" letter. The Plaintiff's answers to the Court's special interrogatories indicate that the Plaintiff did not file an administrative charge with either the SCHAC or the EEOC; nor did she receive a "right to sue" letter.

## STANDARD OF REVIEW



The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 269 (1976). The Court reviews de novo those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him or her with instructions. 28 U.S.C. § 636(b)(1)(c).

## ANALYSIS

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In addition, under Title VII it is an unlawful employment practice for an employer:

> (1) to fail to refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national originl; or
>
> (2) to limit segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual or employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. 2000(e)(2)(a).



Before filing suit in federal district court under the ADEA or Title VII, a plaintiff must first exhaust his or her administrative remedies by bringing a timely charge of discrimination with the SCHAC or the EEOC. See Jones v. Calvert Group, Ltd., 551 F.3d 297, 300-01 (4th Cir. 2009). As the Magistrate Judge noted, the ADEA and Title VII establish two possible limitation periods for filing a timely discrimination charge with the EEOC. See 29 U.S.C. § 626(d)(1) (ADEA); 42 U.S.C. § 2000(e)-5(e)(1) (Title VII). The standard limitations period for filing a charge is 180 days after the alleged unlawful practice occurred, but the time may be extended to 300 days when state law proscribes the alleged employment practice and when the charge was initially filed with a state or local deferral agency. Id. A plaintiff's failure to file a charge within the applicable limitations period bars

a later suit in federal court. McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994)

Here, the Plaintiff alleges that she was unlawfully fired in 2010, although she does not specify an exact date. Even liberally construing the Plaintiff's complaint and assuming the date to be the last possible date of 2010, that is, December 31, 2010, the 180-day deadline for filing an administrative charge with the EEOC was June 27, 2011, and the 300-day deadline for filing an administrative charge with the SCHAC was October 27, 2011. Because it is apparent from the face of the Plaintiff's complaint and her answers to the Court's special interrogatories that she did not file a timely administrative charge of discrimination with either the EEOC or the SCHAC, the Court agrees with the Magistrate Judge that the Plaintiff is barred from proceeding in this action.

The Plaintiff filed objections to the Magistrate Judge, but a review of these objections indicate that the Plaintiff is not entitled to relief. In her objections, she simply reiterates the claims in her complaint and asks that she be permitted to proceed with her claims despite her failure to timely file an administrative charge with either the EEOC or the SCHAC. The Plaintiff's objections are overruled.

## CONCLUSION

After analysis and review, the Court finds that the Magistrate Judge correctly summarized the facts and applied the appropriate legal standards. Accordingly, the Court adopts the R&R and incorporates it into this Order. Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 15) is adopted, the Plaintiff's objections (Entry 17) are overruled, and the Plaintiff's complaint (Entry 1) is dismissed without prejudice and

4

without issuance and service of process.

**IT IS SO ORDERED.**

_____
The Honorable Sol Blatt, Jr.
Senior United States District Judge

May 15, 2012
Charleston, South Carolina

#5